98 F.3d 1357
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David R. McMILLEN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 96-3232
 United States Court of Appeals, Federal Circuit.
 Sept. 11, 1996.
 
 Before ARCHER, Chief Judge, MAYER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 David R. McMillen appeals from the March 27, 1996 final decision of the Merit Systems Protection Board, Docket No. CH831E951110I-1, affirming the denial of his application for disability retirement. Because the board did not err in determining that McMillen failed to satisfy the requirements for disability retirement, we affirm.
 
 DISCUSSION
 
 2
 The Department of the Army ("the agency") employed McMillen as a Mobile Equipment/Sheet Metal Mechanic. He permanently injured his back while on duty in that position and was reassigned to various light-duty positions. The agency later offered him the position of Supply Clerk, which he accepted. He worked in the Supply Clerk position until he injured his back again. He then performed labor relations work in the agency's Civilian Personnel Office until he was separated from his Supply Clerk position by a reduction in force ("RIF"). After the RIF, which he did not appeal, he filed a disability retirement application with the Office of Personnel Management ("OPM"), alleging that he was physically unable to perform the duties of his position as Supply Clerk as a result of his back injury. OPM denied his application, finding that he did not meet the requirements for disability retirement. McMillen requested reconsideration and, after OPM again denied his application, he appealed to the board.
 
 
 3
 In an initial decision, an administrative judge ("AJ") found that his position was a sedentary desk job with minimal physical demands. The AJ found that, while McMillen was unable to sit for more than thirty minutes at a time, his supervisor permitted him to perform his job while sitting or standing. Furthermore, the AJ found no medical evidence that McMillen was unable to physically perform any of the tasks of his job. Accordingly, the AJ concluded that McMillen was not disabled within the meaning of the relevant statute, 5 U.S.C. § 8337(a). The AJ's initial decision became the final decision when the board denied his petition for review. See 5 C.F.R. § 1201.113(b) (1996). McMillen now petitions for review by this court.
 
 
 4
 We may reverse a decision of the board only if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 5
 On appeal, McMillen argues that he met the requirements for disability retirement. Specifically, he argues that the agency was unable to accommodate his back injury and was unable to provide him with another position. He also argues several procedural matters. In particular, he asserts that the AJ improperly conducted only a "rushed" telephonic hearing and that he should have been given an in-person hearing. He also asserts that, because the AJ rendered a decision within twenty-four hours, the AJ could not have given proper consideration to the relevant evidence and case law. Finally, he argues that the AJ improperly did not allow his attorney to file a post-hearing brief.
 
 
 6
 We do not have jurisdiction to review the factual merits of the board's disability determination. Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985). Our review is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Id. (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.), cert. denied, 393 U.S. 952 (1968)). Therefore, we do not address McMillen's arguments concerning the factual merits of the board's disability determination.
 
 
 7
 We only review the procedural matters that he has argued. The record contains no evidence that McMillen requested an in-person hearing or that the hearing was "rushed." Following a hearing, the board is not precluded from issuing a decision within twenty-four hours, and McMillen has not shown that the board would have decided differently had it taken longer to render a decision. Prompt decisions are highly desirable; they should not be criticized. Nor has McMillen shown that he was prejudiced by the board's refusal to allow him to file a post-hearing brief; it is within the board's discretion to allow or disallow such a filing. Accordingly, because the board did not abuse its discretion with respect to the procedural matters argued by McMillen, its decision was not procedurally deficient and we affirm.